**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BARCADE HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No.: 4:26-cv-02538 |
| v. | § | |
| | § | |
| SPACE MONKEY ARCADE, LLC, | § | |
| formerly known as SPACE MONKEY | § | |
| BARRCADE, LLC, d/b/a SPACE | § | |
| MONKEY BARRCADE, and EVERS | § | |
| BARRERA, JR., | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

Plaintiff Barcade Holdings, LLC ("Plaintiff" or "Barcade"), by and through its undersigned attorneys, hereby files this Complaint against Defendants and alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This is an action for trademark infringement and unfair competition stemming from the willful, persistent, and ongoing infringement and misappropriation of Barcade's federally registered trademarks in the name BARCADE® by Defendants Space Monkey Arcade, LLC, formerly known as Space Monkey Barrcade, LLC ("**Space Monkey**"), and its owner/operator, Evers Barrera, Jr. ("**Barrera**") (collectively, "**Defendants**").

2.      Defendants' unlawful infringement has persisted and continues to persist at their arcade bar business located at 1204 East Canton Road, Edinburg, Texas 78539.

3.      Plaintiff initially demanded in late 2024, upon learning of their trademark infringement, that Defendants stop using the name "Space Monkey *Barcade*," only for them to change the use to "Space Monkey *Barrcade*." That change was not acceptable and Plaintiff so

1

advised Defendants.  Defendants eventually changed the use to "Space Monkey Arcade" after further demands were made to stop using "Space Monkey Barrcade."

4.    Despite Plaintiff's multiple demands that Defendants cease and desist, including such demands after counsel was retained, and despite Defendants' representation through their attorney that they had fully complied with all of Plaintiff's demands in all respects to stop using Plaintiff's trademarks or any likeness thereof, Plaintiffs recently learned that Defendants continue to display signage bearing the infringing name "BARRCADE" inside and outside their establishment, and sell and/or permit patrons to wear t-shirts saying SPACE MONKEY "BARRCADE."  Such activity was recently evidenced through customer posts on social media platforms.

5.    The infringing acts knowingly and willfully committed by Defendants damage Plaintiff's business and goodwill. Unless restrained by this Court, their actions will continue to damage Plaintiff.  Injunctive relief is appropriate and warranted by state and federal law.

6.    Monetary damages, including all profits earned by Defendants, are also appropriate under applicable law, together with Plaintiff's legal fees incurred and treble damages given Defendants' willful infringement and repeated deceptive conduct.

**PARTIES**

7.    Plaintiff Barcade Holdings, LLC is a Delaware limited liability company with its principal place of business at 148 W. 24 St. New York, New York 10011. It is the exclusive owner of the intellectual property at issue under an assignment from Barcade, Inc. to Barcade Holdings, LLC on or about March 14, 2018.  Such assignment was duly filed with the United States Patent and Trademark Office.

18307372v1

8.　　　Upon information and belief, Defendant Space Monkey Arcade, LLC, formerly known as Space Monkey Barrcade, LLC, is a Texas limited liability company formed on or about August 25, 2025.  The entity filed a Certificate of Amendment with the Texas Secretary of State on or about December 11, 2025, changing its name, as Plaintiff demanded, from "Space Monkey Barrcade, LLC" to "Space Monkey Arcade, LLC." Defendant Space Monkey Arcade, LLC does business as Space Monkey Barrcade at 1204 East Canton Road, Edinburg, Texas 78539.

9.　　　Upon information and belief, Defendant Evers Barrera, Jr. is an individual who resides at 2003 Kingfisher Lane, Mission, Texas 78572.  He is the owner, operator, and principal of Defendant Space Monkey Arcade, LLC and personally oversees, directs, controls, and participates in the infringing activities alleged herein.  Defendant Barrera was personally placed on notice of Plaintiff's trademarks in December 2024.

10.　　Upon information and belief, Barrera has personally worn infringing "BARRCADE" t-shirts on camera during a televised news segment as recently as January 2026, and has personally directed and controlled the continued use of infringing signage and merchandise at the establishment.  Barrera is therefore jointly and severally liable with Defendant Space Monkey Arcade, LLC for all infringement and damages alleged herein.

## JURISDICTION AND VENUE

11.　　This is an action for trademark infringement and unfair competition under 15 U.S.C. § 1051 et seq.

12.　　This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, as the action involves federal questions of law and supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

18307372v1

13. This Court can exercise personal jurisdiction over Defendants as Defendants reside in this District, regularly conduct business in this District, and/or have a principal place of business in this District.

14. All or a substantial part of the events giving rise to this action have occurred and continue to occur in this District. As such, Defendants should reasonably expect that their activities might have consequences herein.

15. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

**PLAINTIFF'S INTELLECTUAL PROPERTY**

16. Barcade is the owner and operator of entertainment establishments, namely arcade themed bars. Its arcade themed bars offer a typical array of bar services along with a variety of arcade games and operate using Plaintiff's BARCADE® mark. Barcade maintains the website https://barcade.com/ in connection with its services. The business largely caters to young adults for relaxation, social interaction, and arcade entertainment. It is a specialty entertainment business that lets patrons drink alcohol and play countless video arcade games, many dating from the 1980s. Many video and arcade games that Barcade has at its locations are no longer in circulation.

17. Plaintiff has properly adopted the BARCADE® mark for its bar, food, and unique arcade-related entertainment services.

18. As shown on Plaintiff's website, Barcade® is the Original Arcade Bar: a combination bar and arcade with a focus on classic arcade games and American craft beer. Plaintiff currently has nine locations in Michigan, New York, New Jersey, Pennsylvania, Connecticut, and California.

19. Barcade proudly uses its registered mark in all facets of its business, including prominently displaying it on its website.

4

18307372v1

20.     Plaintiff also has adopted the BARCADE® mark for its t-shirts, shirts, and sweatshirts.

21.     Plaintiff owns Registration No. 3401355, a Federal U.S. Registration on the Principal Register, for BARCADE® in connection with "bars; bar services; bar services featuring snacks" in International Class 43, which registered on March 25, 2008.  Plaintiff first used this mark as early as October 13, 2004.  A true copy of the trademark registration is annexed hereto as **Ex. A**.

22.     Plaintiff owns Registration No. 3948949, a Federal U.S. Registration on the Principal Register, for BARCADE® in connection with "Hats; Shirts; Sports caps and hats; Sweat shirts; T-shirts" in International Class 25, which registered on April 19, 2011.  Plaintiff first used this mark as early as October 31, 2005. A true copy of this trademark registration is annexed hereto as **Ex. B.**

23.     Plaintiff owns Registration No. 2994641, a Federal U.S. Registration on the Principal Register, for BARCADE.COM® in connection with an "Online Database for people to find locations that have Coin-operated Amusement Devices" in International Class 41, which registered on September 13, 2005.  Plaintiff first used this mark as early as January 1, 2004.  A true copy of this trademark registration is annexed hereto as **Ex. C.**

24.     Plaintiff's trademarks have acquired incontestable status. Thus, the registrations for these marks are conclusive evidence of the validity of the BARCADE® marks filed under the provisions of 15 U.S.C. § 1065.

25.     The above referenced BARCADE® marks are in full force and effect.

26.     Plaintiff's BARCADE® marks are inherently distinctive and represent the Plaintiff's valuable goodwill.

18307372v1

27.     Plaintiff's BARCADE® marks have become well-known throughout the general community of adults looking for an entertainment establishment featuring arcade games and alcohol.  Through its use of the BARCADE® marks, Plaintiff has developed a positive reputation for its entertainment services and has been recognized as a leader and pioneer in the field of arcade themed entertainment establishments that combine bar services and numerous arcade games.

28.     Plaintiff's name recognition extends across the world, particularly in North America and Europe, due to foreign travelers to the United States visiting Plaintiff's locations seeking entertainment and visits from persons to Plaintiff's website.

29.     The market success of Plaintiff's bars offered under the BARCADE® mark has been significant, and the relevant public has come to rely upon and recognize Plaintiff's goods and services by its BARCADE® marks.  As a result, the BARCADE® marks have generated substantial goodwill.

30.     Plaintiff has defended its BARCADE® marks against infringers and potential infringers.  Plaintiff has also filed opposition proceedings in the United States Patent and Trademark Office to prevent the registration of conflicting marks.  On many occasions, Plaintiff has pursued third-parties using marks similar or identical to the BARCADE® marks and compelled them by demand or legal action to discontinue use of such marks in several states, including in the Western District of Texas.

31.     Plaintiff routinely searches for infringement of its marks through, among other things, various search tools on the internet.

32.     Plaintiff routinely finds infringers due to a company advertising and promoting its business on a social media business page, such as Instagram or Facebook.  By searching on the

6

platforms' business pages for the name Barcade, Plaintiff is able to find and notify wrongdoers, and when needed, take legal action.  Often, the issue is resolved swiftly.

## DEFENDANTS' REPRESENTATIONS IN DECEMBER 2024

33.     In or about December 2024, Plaintiff's employee, Shani Karantzalis, the Intellectual Property Support Manager for Barcade, identified a Facebook page using the term "Barcade" in connection with arcade-related activities of Defendants.

34.     She then demanded that Defendants stop using the name Barcade in conjunction with the "Space Monkey Barcade" name.   In response, Barrera replied in late 2024 with a rude email saying "SUE ME" accompanied by an image of a "space monkey" with an obscene gesture emailed to Ms. Karantzalis. A true and correct copy of defendants' emailed response is attached as **Ex. D.**

35.     In December 2024, Defendant Barrera further corresponded with Ms. Karantzalis regarding Plaintiff's demands that Defendants cease using the BARCADE mark. He said he thought the initial contact was from a "scammer."  Barrera represented to Ms. Karantzalis that his use was merely for a "home arcade" in his home garage and that it was not a business entity, nor was any liquor being served.  Barrera stated it was "just friends, family and neighbors getting together on the weekends."

36.     Defendant Barrera asked whether using "Barrcade" (with two Rs) would be acceptable. Ms. Karantzalis advised him it is not, and that acceptable alternatives included greater deviations such as "Beercade," "Bar + Arcade," "Arcade Bar," or "Bar & Arcade."  She explained that Plaintiff would not permit use of "Barcade" or "Barrcade," including on a personal Facebook page because the public cannot distinguish whether such use is for a home or business, and other businesses might point to it as a place where Plaintiff allowed its trademark to be used.

7

18307372v1

37.    Despite being placed on notice of Plaintiff's trademark rights in December 2024 and being given acceptable alternatives, Defendant Barrera proceeded to then adopt and use "BARRCADE" – a name confusingly similar to Plaintiff's BARCADE® mark – in connection with a commercial bar and arcade business he later opened in mid-2025.

38.    In reliance on Defendant Barrera's false representation in 2024 that he was operating a non-commercial home arcade, Plaintiff refrained from taking legal action at that time.

## DEFENDANTS' COMMERCIAL LAUNCH WITH INFRINGING MARK

39.    Upon information and belief, in or about August 2025, Defendant Barrera formed Space Monkey Barrcade, LLC with the Texas Secretary of State, registering the entity using a name that he knew to be confusingly similar to Plaintiff's federally registered BARCADE® marks and which use was not authorized.

40.    Upon information and belief, Defendants opened the Space Monkey Barrcade commercial establishment at 1204 East Canton Road, Edinburg, Texas 78539, on or about November 21, 2025.  It was done with knowledge of Plaintiff's trademarks and its lack of consent to use "Barcade" or "Barrcade."

41.    Defendants' business establishment is an 80s and 90s themed retro free-play arcade bar with a kitchen – the same type of bar/restaurant/arcade services offered by Plaintiff under the BARCADE® mark.

42.    Defendants heavily promoted the opening on social media platforms, including Facebook, Instagram, and TikTok, using prominent signage and logos bearing the "SPACE MONKEY BARRCADE" name.

43.    In connection with the commercial launch, Defendants displayed large exterior signage bearing "BARRCADE," sold and distributed t-shirts bearing the name "BARRCADE,"

8

18307372v1

displayed large interior wall signage and stickers bearing the name "BARRCADE," and used the email address "spacemonkeybarrcade@outlook.com" – all with full knowledge of Plaintiff's trademark rights.

## PLAINTIFF'S CEASE AND DESIST DEMANDS

44.    Upon learning in the Fall of 2025 that Defendants opened the "Space Monkey Barrcade" establishment, Plaintiff retained counsel.  On or about November 18, 2025, Plaintiff's counsel sent a cease and desist letter to Defendants, demanding that Defendants immediately cease and desist from all use of "Barrcade" or "Barcade" in any manner, including on signage, written materials, the internet, email addresses, and social media accounts.  A true copy of the November 18, 2025 cease and desist letter with attachments is attached as **Ex. E.**

45.    On or about November 24, 2025, Defendants, through their counsel, the Osiris A. González Law Firm, responded to Plaintiff's cease and desist letter. While disputing that their use constituted infringement, Defendants' counsel stated that Defendants agreed to change the name to "Space Monkey Arcade" and proposed a 90-day transition period.  A true copy of Defendants' November 24, 2025 response letter with exhibits is attached as **Ex. F.**

46.    On or about November 25, 2025, Plaintiff's counsel responded, rejecting the proposed 90-day transition period as unreasonable and demanding that all corrective measures be completed within 14 days. Plaintiff's counsel noted that Defendants had actual knowledge of Plaintiff's trademarks since December 2024, making their subsequent commercial adoption and use of "BARRCADE" willful.  A true copy of the November 25, 2025 letter is attached as **Ex. G**

47.    On or about December 3, 2025, Defendants' counsel responded and represented that the exterior signage had been changed to reflect "Space Monkey Arcade" and that extensive changes had been made to Defendants' social media accounts. Defendants' counsel further

9

represented that a new email address had been created and that Defendants had made "immediate changes to the outside building, the filing with the state of Texas, and social media."

48.    On or about December 11, 2025, as Plaintiff had demanded, Defendants filed a Certificate of Amendment with the Texas Secretary of State, changing the name of "Space Monkey Barrcade, LLC" to "Space Monkey Arcade, LLC."

49.    On or about December 19, 2025, Defendants' counsel, through his paralegal, represented in correspondence to Plaintiff's counsel that: (a) "all posts have been removed" from Defendants' Facebook page; (b) "the company that installed the new one took the old one containing Barrcade and disposed of it" (referring to the exterior signage); and (c) "the [shirts] made for the owners were trashed" and "[n]o other DTF prints or shirts were made."  A true copy of the December 19, 2025 communication is attached as **Ex. H.**

50.    In an effort to resolve the matter, Plaintiff's counsel thereafter requested that Defendants execute an affidavit confirming that Defendants had no signs or merchandise of any kind in use showing the word "BARRCADE."  That affidavit was never signed.

51.    Nonetheless, relying on Defendants' representations of compliance, Plaintiff refrained from filing suit.

**DEFENDANTS' CONTINUED INFRINGEMENT**

52.    Plaintiff recently discovered that Defendants' representations of full compliance were false. Plaintiff recently discovered, through social media posts by customers of Defendants' establishment, that Defendants were continuing to use the infringing "BARRCADE" mark prominently throughout their establishment and on merchandise.

53.    Specifically, Plaintiff discovered the following evidence of continued infringement:

18307372v1

(a)    A video segment on local news dated January 27, 2026, showing Defendant Barrera being interviewed and wearing a "Barrcade"-branded shirt – the same shirts Defendants' counsel represented had been "trashed" – as well as large stickers and large signage bearing the "BARRCADE" mark displayed throughout the inside of the establishment;

(b)    Social media posts dated January 18, 2026, still showing "Barrcade" on the exterior door of the establishment;

(c)    Social media posts dated March 7, 2026, showing a large "Barrcade" sign on the interior wall of the establishment; and

(d)    Social media posts dated January 23, 2026, showing large "Barrcade" stickers displayed on the interior walls of the establishment.

54.    True copies of screenshots from these social media posts described above in paragraph 55 (a) – (d) are attached collectively as **Ex. I.**

55.    Defendants' counsel had represented to Plaintiff's counsel that all infringing signage had been removed and disposed of, that all infringing t-shirts had been "trashed," and that Defendants had made all required changes. These representations were false and misleading.

56.    Defendants' deception is egregious.  They first asserted their use was merely for a "home arcade" to excuse the infringement, only to open an arcade business in 2025 with the name "Barrcade" despite knowing full well Plaintiff did not consent to it.

57.    After Plaintiff retained counsel in late 2025 to pursue the issues, Defendants ostensibly complied and represented that it stopped using Barcade and all likeness thereof, when in fact, though there had been some compliance (changing the name on special media, filings with the state, and on some outdoor signage), they continued infringement by using the name Barrcade inside the establishment, on an outdoor sign, and on t-shirts.

11

18307372v1

58.    Defendants' actions demonstrate exceptional conduct, bad faith, and willfulness warranting an award of reasonable attorney's fees under applicable law.

59.    By using the confusingly similar trademark "BARRCADE" in the promotion and advertisement of Defendants' bar business, Defendants have created and continue to create a likelihood of confusion among consumers causing them to falsely believe that their business is sponsored, endorsed by, or affiliated with Plaintiff.   No such sponsorship, endorsement, or affiliation exists.

60.    Despite multiple written communications having been given to Defendants putting them on clear notice of their infringement, and despite Defendants' representations that they had ceased infringement, they continue to willfully and knowingly infringe on Plaintiff's trademarks.

61.    Unless restrained by this Court, Defendants will continue to cause Plaintiff irreparable harm.  In addition to money damages and payment of attorneys' fees in Plaintiff's favor, injunctive relief is both proper and necessary given Defendants' illegal conduct and demonstrated unwillingness to comply with their own representations.

## COUNT I: TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

62.    Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

63.    Plaintiff's U.S. Federal Registration No. 3401355 for BARCADE® is evidence of Plaintiff's exclusive right to use the BARCADE® mark in connection with "bars; bar services; bar services featuring snacks."  15 U.S.C. § 1115.

64.    Plaintiff's U.S. Federal Registration No. 3401355 for BARCADE® has acquired incontestable status.  Thus, this registration is conclusive evidence of the validity of this mark,

18307372v1

which was filed under the provisions of 15 U.S.C. § 1065 and/or the renewal applications filed under the provisions of 15 U.S.C. § 1059.

65. Plaintiff's U.S. Federal Registration No. 2994641 for BARCADE.COM® is evidence of Plaintiff's exclusive right to use the BARCADE.COM® mark in connection with an "Online Database for people to find locations that have Coin-operated Amusement Devices." 15 U.S.C. § 1115.

66. Plaintiff's U.S. Federal Registration No. 3948949 for BARCADE® is evidence of Plaintiff's exclusive right to use the BARCADE® mark in connection with "…shirts…sweat shirts; t-shirts." 15 U.S.C. § 1115.

67. Plaintiff's U.S. Federal Registration No. 3948949 for BARCADE® has acquired incontestable status. Thus, this registration is conclusive evidence of the validity of this mark, which was filed under the provisions of 15 U.S.C. § 1065 and/or the renewal applications filed under the provisions of 15 U.S.C. § 1059.

68. Plaintiff's trademarks are inherently distinctive.

69. Upon information and belief, the bar and grill services being promoted, advertised, and/or offered by Defendants in connection with the "Barrcade" name designation (the "Infringing Services") are substantially similar to the restaurant, gaming, and bar services offered by Plaintiff. In connection with the Infringing Services, Defendants are using the Barrcade name in a confusingly similar manner to Plaintiff's BARCADE® marks. The name "BARRCADE" used by Defendants is nearly identical in appearance, sound, connotation, and commercial impression to Plaintiff's BARCADE® trademarks.

13

70. Plaintiff's bar, restaurant, and entertainment services and Defendants' Infringing Services are offered in the same channels of trade and are directed to the same or similar clients, i.e., largely young adults.

71. Defendants' use of the Barrcade name designation is likely to cause confusion or mistake or deception, as to the source, affiliation, or sponsorship of Plaintiff's BARCADE® marks in connection with Plaintiff's bars, services, food, and game entertainment in violation of 15 U.S.C. § 1051 et seq., specifically §§ 1114-1118.

72. The Infringing Services are likely to cause confusion as to the source of the specific goods Plaintiff sells using its registered trademarks.

73. The Defendants' activities constitute willful and intentional infringement of Plaintiff's federally registered BARCADE® marks, in derogation of Plaintiff's rights in violation of 15 U.S.C. §§ 1114 and 1117. Acts of infringement have continued despite Defendants' knowledge that the use of Plaintiff's BARCADE® marks (or substantially similar variations thereof) was and is in contravention of Plaintiff's rights.

74. Plaintiff has not given Defendants consent, directly or indirectly, to use the BARCADE® marks (or any mark similar thereto). Defendants' Infringing Services have caused and, if not enjoined, will continue to cause irreparable damage to the Plaintiff's rights in its business, reputation, and goodwill.

75. Defendants are each knowingly infringing on Plaintiff's intellectual property rights. Defendant Barrera has personally overseen, controlled, participated in, and directed the Infringing Services. Therefore, Defendants are jointly and severally liable for their infringing conduct and for all money damages awarded to Plaintiff as authorized by law.

14

76.    Plaintiff's damages from the aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

77.    In addition to compensatory damages, Plaintiff seeks attorney's fees and costs given Defendants' exceptional bad faith, including: (a) Defendant Barrera's December 2024 that his use was merely for a "home arcade" to induce Plaintiff to refrain from taking action; (b) Defendants' willful adoption and commercial use of the "BARRCADE" mark with full knowledge of Plaintiff's trademark rights; (c) Defendants' false representations through counsel that they had complied with Plaintiff's cease and desist demands; and (d) Defendants' continued use of the infringing mark on interior and exterior signage, merchandise, and apparel despite representing to Plaintiff that such materials had been destroyed. These exceptional circumstances warrant an award of attorneys' fees and costs under 15 U.S.C. § 1117(a).

78.    Plaintiff also seeks treble damages given Defendants' willful misconduct.

79.    Injunctive relief is fully warranted under applicable law against all Defendants given their unlawful actions taken and which continue in violation of Plaintiff's intellectual property rights.

## COUNT II: FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125)

80.    Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

81.    Plaintiff's BARCADE® marks are distinctive.

82.    Decades after Plaintiff's adoption and use of its BARCADE® mark in connection with bars; bar services; food, gaming, and with actual notice thereof, Defendants began using the Barrcade designation in connection with a bar and restaurant in Edinburg, Texas.

15

18307372v1

83.    Plaintiff has not given Defendants its consent, directly or indirectly, to use the BARCADE® mark, including the term Barcade or Barrcade, or any similar mark or name.

84.    Defendants' activities are likely to cause confusion, or to cause mistake, or deception, causing great harm to Plaintiff's reputation and goodwill.

85.    Defendants have unfairly competed with Plaintiff's distinctive BARCADE® marks in interstate commerce and in this district by various acts, including marketing, offering for sale, and selling the Infringing Services under the Barrcade name.  This unauthorized use by Defendants constitutes unfair competition to the substantial and irreparable injury of the public and of Plaintiff's mark, business reputation, and goodwill. 15 U.S.C. § 1125.

86.    Defendants' actions set forth herein constitute willful and intentional tort, in derogation of Plaintiff's rights. Acts of unfair competition commenced and have continued in spite of Defendants' knowledge that the use of Plaintiff's BARCADE® marks or substantially similar variations thereof was and is in contravention of Plaintiff's rights.

87.    Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its marks and in its business, reputation, and goodwill.

88.    Defendants Space Monkey Arcade, LLC and Evers Barrera, Jr. are jointly and severally liable for their unfair competition. In particular, they have each personally overseen, controlled, participated in, and/or directed the Infringing Services to engage in the unfair competition.

89.    Plaintiff's damages from the aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

16

90.    Plaintiff seeks attorney's fees and costs given the willful misconduct set forth, which constitutes an exceptional case under 15 U.S.C. § 1117(a).

91.    Plaintiff seeks treble damages as authorized by law.

92.    Plaintiff seeks injunctive relief against all Defendants to enjoin the infringement at issue.

## COUNT III: TRADEMARK INFRINGEMENT UNDER TEXAS COMMON LAW

93.    Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

94.    Plaintiff owns valid trademarks with the Barcade name.

95.    Defendants have used and continue using Plaintiff's trademarks without permission.

96.    Defendants' use of Plaintiff's distinctive marks is likely to cause confusion among consumers as to the sponsorship or endorsement by Plaintiff of Defendants' business in Edinburg.

97.    Plaintiff seeks all legal and equitable relief as permitted under state law, including compensatory damages, profits, punitive damages, and injunctive relief as authorized by law.

## COUNT IV: UNFAIR COMPETITION UNDER TEXAS COMMON LAW

98.    Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

99.    Defendants are engaged in unfair and/or deceptive conduct that is detrimental to Plaintiff's commercial interests.

100.    Plaintiff seeks all legal and equitable relief as permitted under state law, including compensatory damages, profits, punitive damages, and injunctive relief as authorized by law.

## DEMAND FOR JURY TRIAL

101.    Plaintiff demands a trial by jury on all triable issues of fact.

17

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

1.      That the Court enjoin and restrain Defendants, their officers, directors, agents, employees, and all persons in active concert or participation with Defendants who receive actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing, contributing to, inducing, or abetting any of the following:

(a)      infringing or contributing to the infringement of Plaintiff's BARCADE® marks;

(b)      engaging in any acts or activities directly or indirectly calculated to infringe Plaintiff's BARCADE® marks;

(c)      using the term Barcade, Barrcade (or any substantially similar variation thereof) in connection with selling, offering for sale, promoting, advertising, marketing, or distributing Defendants' products or services, including but not limited to using Barcade or Barrcade on signage (whether exterior or interior), banners, advertisements, marketing materials, social media accounts, goods such as cups, napkins, stickers, or merchandise, t-shirts, apparel, or in Defendants' domain names or email addresses;

(d)      using any configuration or design that is confusingly similar to Plaintiff's BARCADE® marks; and

(e)      otherwise competing unfairly with Plaintiff in any manner whatsoever.

2.      That the Court declare Defendants are infringing upon Plaintiff's BARCADE® marks and are competing unfairly with Plaintiff.

3.      That the Court order Defendants to take down and destroy all interior signage, exterior signage (including door signage), stickers, wall displays, merchandise, t-shirts, apparel, website materials, literature, brochures, packaging, signs, promotional materials, advertisements,

18

18307372v1

and any other material in their possession or control that contain Plaintiff's BARCADE® marks or the term "BARRCADE" (or similar variations thereof).

4.      That the Court order Defendants to account for and pay Plaintiff all money damages to which Plaintiff is entitled under applicable state and federal law as a consequence of the infringement of Plaintiff's BARCADE® marks as authorized by law.

5.      That the Court order Defendants to account for and to pay over to Plaintiff all profits that Defendants made during the period of infringement.

6.      That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Defendants so as to prevent fraud on the Court and so as to ensure the capacity of Defendants to pay, and the prompt payment of, any judgment entered against Defendants in this action.

7.      That the Court award Plaintiff its compensatory, incidental, and consequential damages.

8.      That the Court award Plaintiff enhanced, treble, and/or punitive damages given Defendants' willful, deliberate, and deceptive conduct.

9.      That the Court award Plaintiff its reasonable attorney's fees and the costs of this action, given this exceptional case involving: (a) Defendants' willful, inexcusable, and prolonged infringement of Plaintiff's intellectual property even after Defendants were on notice of their infringement and Plaintiff's demands that it cease; (b) Defendants' deceptive misrepresentations in December 2024 to induce Plaintiff to refrain from taking action; (c) Defendants' false representations through counsel that they had fully complied with Plaintiff's demands; and (d) Defendants' continued infringement despite their representations of compliance.

18307372v1

10.     That the Court enter judgment against the Defendants Space Monkey Arcade, LLC

and Evers Barrera, Jr., jointly and severally, making them liable for any and all monetary relief

awarded.

11.     That the Court grant Plaintiff such other relief as is just and proper.

Dated March 30, 2026                                    Respectfully submitted,


                                                        By: */s/ Joseph D. Cohen*
                                                        Joseph D. Cohen
                                                        *Attorney-in-Charge*
                                                        Texas Bar No. 04508369
                                                        Elliott J. Deese
                                                        Texas Bar No. 24121423
                                                        **PORTER HEDGES LLP**
                                                        1000 Main Street, 36th Floor
                                                        Houston, Texas 77002
                                                        T: (713) 226-6628
                                                        F: (713) 226-6228
                                                        jcohen@porterhedges.com
                                                        edeese@porterhedges.com

                                                        *Attorneys for Plaintiff Barcade Holdings,
                                                        LLC*

18307372v1